cat / div __350 / 1983 FTP__
Case # _____
Judge _____ Mag. _____ Fee pd $ NO
Motn Ifp __✓__
Receipt # _____

PROVIDED TO MARTIN CORRECTIONAL INSTITUTION
ON __1-14-11__
FOR MAILING

# UNITED STATES DISTRICT COURT
## Southern District of Florida

Case Number: __ORIGINAL__

FILED by _GM_ D.C.
JAN 18 2011
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## 11-cv-14018-Martinez/White

<u>SCOTT SMART JR.,</u>
PLAINTIFF,

V.

WALTER A. McNEIL, SECRETARY DEPT. CORRECTIONS.
SGT. BAKER, CORRECTIONS OFFICER.
CO1 BARRON, CORRECTIONS OFFICER.
CO1 GORMAN, CORRECTIONS OFFICER.
DEFENDANT(S),

## A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

I.   Parties

   A. Name of plaintiff: <u>Scott Smart Jr.</u>
      Inmate #: <u>093966</u>
      Address: <u>Martin Correctional Institution,</u>
      <u>1150 S.W. Allapattah Road, Indiantown, Fla.</u>

   B. Defendant : <u>Walter A. McNeil</u>
      Is employed as: <u>Secretary Department of Corrections</u>
      Address:  <u>2601 Blairstone Road, Tallahassee, Fla. 32399</u>

   C. Defendant : <u>Sergeant Baker</u>
      Is employed as: <u>Correctional Officer</u>
      Address: <u>Martin Correctional Institution,</u>
      <u>1150 S.W. Allapattah Road, Indiantown, Fla.</u>

   D. Defendant : <u>CO 1 Barron</u>
      Is employed as: <u>Correctional Officer</u>
      Address: <u>Martin Correctional Institution,</u>
      <u>1150 S.W. Allapattah Road, Indiantown, Fla.</u>

   E. Defendant : <u>CO 1 Gorman</u>
      Is employed as: <u>Correctional Officer</u>
      Address: <u>Martin Correctional Institution,</u>
      <u>1150 S.W. Allapattah Road, Indiantown, Fla.</u>

## II. Statement of Claim

On October 31, 2010, during the PM hours of the day, Plaintiff was housed as an inmate at Martin Correctional Institution. On this specified date Plaintiff was cited for being in violation of disciplinary infraction 9.1. During Plaintiff's initial confrontation with defendant's, (Correctional Officer Barron, and Correctional Officer Gorman) the Plaintiff neither conceded or contested to being in violation of said infraction. Nonetheless Plaintiff was in total compliance with (Correctional Officer Barron, and Correctional Officer Gorman) command for him to submit to being cuffed behind his back, and proceed via defendant's (Correctional Officer Barron, and Correctional Officer Gorman) escort to medical for a pre-confinement physical. During the course of what should have been a routine 2 to 3 minute walk from the Plaintiff's assigned dormitory to medical, for no perceptible reason (Correctional Officer Barron) began to forcefully ram the Plaintiff's arms in a painful, awkward position towards the back of the Plaintiff's head ( **be mindful that the Plaintiff was already cuffed with his hands secured behind his back**) therefore he posed no threat to these defendant's. Due to (Correctional Officer Barron's) actions the pain in the Plaintiffs arms, shoulders, and back, was extremely excruciating as (Correctional Officer Barron) vigorously wrenched the Plaintiff's arms up towards the back of the Plaintiff's head. Furthermore the Plaintiff was not allowed to walk at a normal pace as (Correctional Officer Barron) was literally pushing him by his elevated arms to the medical building. Due to the plaintiff being in a vulnerable position, and being pushed along at a hurried pace, the Plaintiff started stumbling. Plaintiff pleaded with (Correctional Officer Barron) to "please release the pressure" this obviously chagrined (Correctional Officer Barron) as his response to Plaintiff's pleading was to apply more pressure, apparently (Correctional Officer Barron) sole intent was to twist the Plaintiff's shoulders out of their sockets. When it became impossible for Plaintiff to bear anymore pain and this undeserved abuse at the hands of (Correctional Officer Barron), the Plaintiff made a futile effort to impede any further injury by attempting to stop walking. The Plaintiff bore down with all the strength he could muster up and for a brief

instant Plaintiff was able to impede the pace at which he was being physically forced to proceed. While the Plaintiff was attempting to maintain his balance (Correctional Officer Barron) was undeterred in his assault and started dragging the Plaintiff. Dragging the Plaintiff clearly was not to (Correctional Officer Barron) approval. As a result with complete disregard to all rules and regulations which govern necessary use of force. (Correctional Officer Barron) jerked the Plaintiff up off his feet and slammed the Plaintiff head first onto the concrete pavement. The force was so immense the Plaintiff was momentarily knocked cold, and aqueous amounts of blood were leaking from Plaintiff's head, and facial region. To add further insult to this assault (Correctional Officer Barron) straddled the Plaintiff's hobbled body grabbed Plaintiff's face in his hands brutally, and nastily started grinding the Plaintiffs bleeding face into the concrete. (Correctional Officer Gorman) stood carelessly by entirely abandoning his duties of care, custody, and control. (Correctional Officer Gorman) never at any point made a attempt to physically or vocally interrupt the ongoing abuse of force the Plaintiff was suffering at the vicious hands of (Correctional Officer Barron). When (Correctional Officer "Sergeant Baker") arrived on the scene he too deserted all his responsibilities and well-known procedures. (Correctional Officer "Sergeant Baker") never used his influential position of authority over Correctional Officer Barron to cease the unauthorized misuse of force. In fact (Correctional Officer "Sergeant Baker") further agitated the situation by intimidating the already, handcuffed, disoriented Plaintiff with a canister of pepper spray. It wasn't until Captain Riggins the shift officer in charge arrived on the scene of this unjustified abusive assault, that the actions of (Correctional Officer "Sergeant Baker," Correctional Officer Barron, and Correctional Officer Gorman) were finally brought to a conclusion. The amount of force used against the Plaintiff at the hands of (Correctional Officer Barron) was certainly used in an other than good faith effort to restore discipline. Body slamming the Plaintiff head first on the concrete pavement, grinding his bloody face, and head into the pavement was done in a purely brutal and wicked manner. The inclusive dereliction of well-known duties by (Correctional Officer "Sergeant Baker, Correctional Officer Barron, and Correctional Officer Gorman), and the unprofessional manner in which these

Correctional Officers acted. Brings into question the (F. D. O. C.) Secretary Mr. Walter A. McNeil's failure to scrutinize and administer over these his subordinates. (Correctional Officer "Sergeant Baker, Correctional Officer Barron, and Correctional Officer Gorman) abandoned their known obligation to employ the use of photographic equipment to document the rationalization for appropriate use of force. (Correctional Officer Barron) totally failed to follow any of the proper procedures he was allegedly trained to carry out when escorting a handcuffed inmate. (Correctional Officer "Sergeant Baker, and Correctional Officer Gorman) failure to stop this assault by (Correctional Officer Barron) unmistakably violates all the specialized training they allegedly received during their period of preparation for their respective position as Florida Department of Corrections Officers. Three of the operative commands (Correctional Officer "Sergeant Baker, Correctional Officer Barron, and Correctional Officer Gorman) are sworn to adhere to are **care, custody, and control**. However (Correctional Officer "Sergeant Baker, Correctional Officer Barron, and Correctional Officer Gorman), actions were best described as **careless, cold, and completely out of control**. Institutional Medical records further confirm this claim, and manifest the severe injuries Plaintiff sustained to his head, and facial region. While handcuffed the Plaintiff was callously attacked, and due to this unwarranted attack the physical, and psychological trauma Plaintiff experienced has forced him to begin the cycle of taking psychotropic medications once more. The lingering mental and physical pain Plaintiff endured; has the Plaintiff in a position of invariable anxiety and fear.

### III. RELIEF

1. Grant punitive damages of $250,000.00
2. Grant compensatory damages of $150,000.00
3. These specified amounts are to be granted after all liens levied by D.O.C.
4. All medical cost, all court cost, and all attorney fees will be paid in full by the D.O.C.
5. Absolutely no cost will be extracted from the punitive, or compensatory monies awarded to the plaintiff Scott Smart Jr.

### VII. JURY DEMAND

Do you demand a jury trial? YES

Signed This __14__ day of January, 2011.

_____
Scott Smart Jr.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __14__ day of January, 2011.

_____
Scott Smart Jr. DC# 093966
Martin Correctional Institution
1150 S.W. Allapattah Road
Indiantown, Florida 34956

REC'D JAN 14 2011

# NOTARY

STATE OF FLORIDA
COUNTY OF MARTIN

Before me, the undersigned authority this day personally appeared <u>Scott Smart Jr.</u>, who first being duly sworn, says that he is the Petitioner in the above styled cause, and that he has read the foregoing document, and has personal knowledge of the facts and matters therein set forth and alleged; and that each and all these facts and matters are true and correct.

*Scott Smart* (signature)

(Affiant)

STATE OF FLORIDA
COUNTY OF MARTIN

The foregoing instrument was acknowledged before me This __14__ day of __January__, 2011. by Mr. Scott Smart Jr., who is personally known to me or who has produced a valid Department of Corrections, identification and who did take an oath

ZACHARY PAYNE
MY COMMISSION # DD 957696
EXPIRES: February 2, 2014
Bonded Thru Budget Notary Services

**My Commission Expires**

Notary Public

SCOTT SMART #093966

Martin Correctional Institution
Law Library
1150 SW Allapattah Road
Indiantown, FL 34956
**LEGAL MAIL**